■ TRI COUNTY PAWN BROKERS, INC., Respondent, v. AMERICAN EMPLOYERS' INSURANCE COMPANY, Appellant.— Judgment of the Supreme Court, New York County, entered November 7, 1973 in the sum of $208,633.55 in plaintiff's favor against the defendant, unanimously modified on the law, by reducing its amount by $4,500.24 and otherwise affirmed, without costs or disbursements. In this action on a jeweler's block policy brought to recover the value of jewelry lost in a holdup, the judgment includes interest on the award of $153,008.34 from December 11, 1967, the date of the holdup. However, the policy provides that "all adjusted claims shall be paid * * * within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company." Respondent's proof of loss is dated April 12, 1968. Interest should be computed from June 11, 1968, rather than from December 11, 1967. (See *Anchor Toy Corp.* v. *American Eagle Fire Ins. Co.*, 5 Misc 2d 880 [Steuer, J.], mod. on other grounds 11 A D 2d 109 and affd. 13 N Y 2d 627.) We have examined the other points raised by appellant and find them without merit. The outcome rested primarily upon the determination of the witnesses' credibility. The able and experienced Trial Justice to whom the case was tried believed plaintiff's witnesses and rendered judgment accordingly. The record supports his findings. Concur — Nunez, J. P., Murphy, Steuer, Tilzer and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS BOLDEN, Appellant.— Judgment, Supreme Court, Bronx County, rendered April 23, 1973, convicting defendant, after a jury trial, of burglary in the second degree, grand larceny in the third degree, and criminal mischief in the fourth degree, and sentencing him to an indeterminate term of up to three years for the first and second counts and up to one year for the third count, all terms to run concurrently, unanimously modified, on the law, to the extent of reversing the conviction for grand larceny in the third degree, vacating the concurrent sentence imposed thereon, and dismissing that count of the indictment; and, as so modified the judgment is otherwise affirmed. Although the trial court excluded the evidence of the bracelets, which were alleged to have been stolen, under the grand larceny count, the jury were nonetheless instructed that they could find defendant guilty of the larceny of the bracelets based on other testimony in the case. The questionable ruling excluding the bracelets from evidence necessarily removed the bracelets from consideration by the jury. Under those circumstances there was insufficient evidence upon which the jury could find defendant guilty of larceny, and the grand larceny count, which was predicated solely upon the theft of the bracelets, should have been dismissed. The dismissal of the grand larceny count does not, however, affect the convictions for burglary and criminal mischief since neither of these crimes depends upon the theft of the bracelets. We find without merit the other points made by appellant. Concur — Markewich, J. P., Kupferman, Steuer, Capozzoli and Yesawich, JJ.